UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEMETRICE L. DEXTER,[1]

    Plaintiff,

v.                                                                                            Case No. 3:23cv20449-LC-HTC

CAPTAIN A. BURK, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983, relating to being placed on strip status and being denied medical treatment after chemical agents were used on him. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon screening the complaint under 28 U.S.C. §§ 1915(e)(2) and

---

[1] Although Plaintiff's Florida Department of Corrections ("FDOC") prisoner number, S00166, is consistent across all his legal actions, the spelling of Plaintiff's first name is not. In the heading of his Complaint, Plaintiff spells his first name "Demetrie". ECF Doc. 1 at 1. Also, the FDOC lists his name as "DEMETRIE" in the online inmate locator profile for Plaintiff at: https://fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=S00166.
However, in Sections I, V, and VI of his Complaint, he spells his first name "Demetriee," while in his signature, *id.* at 9, and grievances attached to the complaint, *id.* at 11-17, he spells his first name "Demetrice." Also, in all his appeals before the Second DCA, his first name is listed as "Demetrice," which is what the Northern District of Florida has on record for Plaintiff from his prior two actions in this District, described below.

1915A, the undersigned recommends it be dismissed for failure to fully disclose his prior litigation.

## I. LEGAL STANDARD

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II. ANALYSIS

Section IV of the complaint form requires plaintiffs to truthfully disclose their prior litigation history, and specifically warns plaintiffs that, "[f]ailure to disclose all prior civil [actions] may result in dismissal of this case." ECF Doc. 1 at 4. Thus, the form instructs that "[i]f you are unsure of any prior cases you have filed, that fact must be disclosed as well." *Id.* Plaintiff, however, did not truthfully disclose his prior litigation history, failing, as discussed below, to disclose two prior suits.

Section IV.C. of the complaint form used by Plaintiff asks Plaintiff if he had "initiated other actions . . . in either state or federal court that related to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspects of prison life, whether it be general circumstances or a particular episode, and whether it

involved excessive force or some other wrong)." ECF Doc. 1 at 6-7. Although Plaintiff checked the box stating "Yes," he failed to provide any information about the prior cases, despite being directed to do so. Plaintiff also did not state that he did not have sufficient information.

Section IV.D. asked if Plaintiff had "ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" and Plaintiff checked the box that "No," he had not.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned takes judicial notice that Plaintiff, with prisoner number S00166, filed *Dexter v. Secretary*, 8:2009cv1537 (M.D. Fla. 2009) and *Dexter v. Secretary*, 8:2009cv2478 (M.D. Fla. 2009). Plaintiff did not provide any of the case information for these two cases despite being required to do so in Section IV.C. Also, *Dexter v. Secretary*, 8:2009cv1537 was dismissed prior to service and should have been reported in Section IV.D.

Plaintiff signed the Complaint "under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." *Id*. at 9. Despite that declaration, Plaintiff made the above false and incomplete representations in the complaint. If Plaintiff suffered no penalty for his untruthful and incomplete responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, Case No. 5:08cv300-RS-EMT, 2010 WL 1380247, *2 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice when prisoner failed to disclose one prior federal case). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020). Therefore, dismissal without prejudice is appropriate based on

Plaintiff's failure to disclose his prior litigation accurately.[2] *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.").

Accordingly, it is respectfully RECOMMENDED that:

1. Plaintiff's Complaint be dismissed under 28 U.S.C. § 1915(e)(2) 1915A(b)(1) as malicious and an abuse of the judicial process for failing to truthfully disclose his prior litigation history.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 28th day of August, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

[2] Also, although a plaintiff does not have to allege exhaustion, the Court notes that the grievances attached to Plaintiff's complaint seem to show that the claims have not been fully exhausted, even if he were able to state a claim for relief.